Filed 4/28/23  P. v. Jones CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D081147 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. CR143050) |
| DARNELL KENNETH JONES, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Kenneth K. So, Judge.  Affirmed.

Darnell Kenneth Jones, in pro. per.; and Laura P. Gordon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 1994, a jury convicted Darnell Kenneth Jones of first degree murder (Pen. Code,[1] § 187, subd. (a)(1)) and found true alleged special circumstances of murder during the commission of robbery and burglary (§ 190.2,

_____

[1]    All further statutory references are to the Penal Code unless otherwise specified.

subd. (a)(17)).  The jury also found Jones guilty of robbery (§ 211), burglary (§ 459), and vehicle theft (Veh. Code, § 10851, subd. (a)).  The jury found that Jones personally used a firearm.  (§ 12022.5, subd. (a).)

Jones was sentenced to life without parole (LWOP) plus four years for the firearm use.

In 2020, Jones filed the first of three petitions for resentencing under section 1170.95 (now renumbered section 1172.6).

The trial court appointed counsel and held a hearing.  After reviewing the record of conviction, the court concluded Jones was the person who fired the shot which killed the victim.  The court found Jones had failed to make a prima facie showing of eligibility for relief under section 1172.6 and therefore denied the petition.

Jones filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal.  Counsel asks the court to review the record for error as required by the *Wende* procedure.[2]  We offered Jones the opportunity to file his own brief on appeal.  Jones has responded by filing a supplemental brief, which we will discuss later in this opinion.

---

[2]    Our Supreme Court has now determined that postjudgment appeals from the denial of a petition for resentencing under section 1172.6 do not require *Wende* review.  (*People v. Delgadillo* (2022) 14 Cal.5th 216.)  The court authorized the courts of appeal to conduct review in the court's discretion.  Given the timing of this appeal, we will exercise our discretion and review the appeal in the same manner we would in a *Wende* appeal.

STATEMENT OF FACTS

Appellate counsel has provided a summary of the facts of the offense as contained in the probation officer's report. We will incorporate that statement here for background information.

"On May 7, 1992, Alton Pierce and Jennifer Arce visited jewelry stores in La Jolla, California and, while driving home to Los Angeles, discussed a plan to return and rob them.

"While in Los Angeles, Pierce recruited six men, including then 20-year old Jones,[3] to accompany him and Arce to San Diego to commit armed robberies of Jessop's Jewelers and C.J. Charles Jewelers.

"On May 9, 1992, the eight participants drove to San Diego, and Arce registered for two rooms at the Super 8 Motel on Mission Bay Drive, using the name Tricia Tomas.

"At some point prior to the robbery, and at Pierce's direction, the group of men stole two cars to use in the robberies.

"On the afternoon of May 10, 1992, the group of eight drove to La Jolla. Arce was driving Pierce's vehicle, with Pierce in the back seat, while Jones and two others were in one stolen car, and the other three men were in the other. Each group had a hammer to break the jewelry case glass. Jones was given a handgun to carry in the Jessop's Jewelers robbery, while one of the men in the group was given a shotgun to carry in the C.J. Charles Jewelers robbery.

"When Jones and the other men entered Jessop's Jewelers, they were yelling, the gun was pointed at [an employee] and customer Brian S., and a shot was fired. The shot hit Brian and he later died from the gunshot wound.

---

3    "The record indicates Jones was born on November 28, 1971."

3

"Jones and the other two stole jewelry from the store and met up with Pierce, Arce, and the other group. Pierce took all of the jewelry and gave each man between $1,000 and $1,200 for their participation. He took the handgun back from Jones and disposed of it.

"Jones was arrested in Nashville, Tennessee and admitted to the arresting officer that he had shot Brian during the robbery of Jessop's Jewelers. Jones had two prior misdemeanor convictions at the time of this offense, one for burglary and the other for vehicle theft.

"In his interview with the probation officer, Jones expressed remorse, sympathy, and empathy for Brian's death. He said he had also lost people close to him and had never imagined himself being the cause of another's grief.

"Jones said that the gun fired accidentally, and he did not mean to shoot anyone nor did he realize in the moment that he had hit Brian. He explained that his vision was distorted by the masks he and the others were told to wear, and when he saw Brian and the others on the floor, he assumed it was because they had been ordered to get down. Jones did not know that Brian had been shot until the day after the robbery and learned he had died several days later."

DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to independently review the record for error. To assist the court in its review of the record, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified three possible issues that were considered in evaluating the potential merits of this appeal.

1.      Whether a conviction for first degree murder is appropriate when the record contains no evidence of an intent to kill.

4

2.      Whether a LWOP sentence is appropriate when the record contains no evidence of an intent to kill.

3.      Whether an LWOP sentence is appropriate when applied to a defendant who was 20 years old at the time of his crime.

Jones has submitted a supplemental brief in which he argues he should be eligible for relief under section 1172.6. Jones claims his form petition that he filed made prima facie showing of eligibility for resentencing. Jones does not deny that he fired the shot that killed the victim in this case. Jones contends he did not intend to kill the victim; the jury instructions were wrong; and the fact he is the actual killer should not make him ineligible for relief under the statute.

The supplemental brief does not raise any arguable issues for reversal of the order denying this statutory petition for resentencing.

We have independently reviewed the record in this case consistent with a review under *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Jones on this appeal.

DISPOSITION

The order denying Jones's request for resentencing under section 1172.6 is affirmed.

HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


BUCHANAN, J.

6